IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Lynda S. Malster,              :

    Plaintiff,             :     Case No. 2:06-cv-0833

    v.                      :     JUDGE MARBLEY

United States of America,     :     MAGISTRATE JUDGE KEMP

    Defendant.              :

OPINION AND ORDER

    On October 3, 2006, Plaintiff, Lynda S. Malster, filed an action in this Court against Defendant, United States of America, seeking damages pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671 et seq. On March 1, 2007, State Farm Mutual Automobile Insurance Company ("State Farm") filed a motion to intervene as a party plaintiff and an intervenor's complaint. Both parties filed briefs in opposition to State Farm's motion to intervene, arguing that the Court may not exercise jurisdiction over State Farm's claim because it was not filed in conformity with the FTCA. Additionally, Ms. Malster filed a motion to strike State Farm's motion. The motion to strike and motion to intervene are fully briefed and ripe for adjudication. For the following reasons, State Farm's motion to intervene as a party plaintiff will be granted, and Ms. Malster's motion to strike State Farm's motion to intervene will be denied.

I.

    The Court has broad discretion to permit parties to intervene under Rule 24(b), and that rule is to be construed liberally. See, e.g., German by German v. Federal Home Loan Mortgage Corp., 896 F. Supp. 1385 (S.D.N.Y. 1995). The focus of the inquiry is on the timeliness of the application and the

potential for prejudice to existing parties. United States v. City of New York, 179 F.R.D. 373, 381 (E.D.N.Y. 1998), aff'd 198 F.3d 360 (2d Cir. 1989). However, the Court may also consider other "relevant factors [such as] the nature and extent of the intervenor's interest, any contribution the intervenor's presence will have on the just and equitable adjudication of the matter, and whether the intervenor's interests are adequately protected by the parties of record." Mrs. W. v. Tirozzi, 124 F.R.D. 42, 45 (D. Conn. 1989). Although adequacy of representation by an existing party is a consideration, it is not dispositive, and the Court may permit a party to intervene if the presence of that party will enhance representation of an interest already asserted, or even when the intervenor's interests are completely and adequately represented by an existing party. See, e.g., Eljer Manufacturing v. Liberty Mutual Insurance Co., 773 F. Supp. 1102, 1108 (N.D. Ill. 1991), rev'd on other grounds, 972 F.2d 805 (7th Cir. 1992); Austell v. Smith, 634 F. Supp. 326, 334-35 (W.D. N.C.), appeal dismissed, 801 F.2d 393 (4th Cir. 1986).

II.

The facts relating to the motion to intervene are accurately stated as follows. On March 13, 2003, Ms. Malster was operating her 1995 Saab automobile on State Route 33 in Franklin County, Ohio. She alleges that her vehicle was hit from the rear by an automobile driven by Ahmed Mohsen, an employee of the United States of America, Department of Agriculture, Forest Service. At the time, Mr. Mohsen was working in the course and scope of his employment. On the day of the accident, Ms. Malster was insured by State Farm.

Ms. Malster filed an administrative claim with the Department of Agriculture on January 17, 2005. On July 21, 2006 the Department of Agriculture denied her claim. On October 3, 2006, she filed her complaint in this Court, seeking, among other

2

things, compensation for medical expenses incurred in treating her injuries. (Complaint, ¶10). She also sought other expenses. (Complaint, ¶12). After the United States filed its answer, State Farm moved to intervene as a party plaintiff in order to assert a right of subrogation in certain payments it had made on Ms. Malster's behalf.

State Farm was not named in, and did not join in, Ms. Malster's administrative claim filed on January 17, 2005. It did present its subrogation claim to the Department of Agriculture on July 31, 2006. The Department of Agriculture has not yet responded to this claim. There is no dispute that State Farm's claim was presented more than two years after the accident in question. It is on the basis of these facts that the pending motion will be decided.

### III.

Sovereign immunity bars suit against the United States and its agencies, unless expressly waived. See Dep't of Army v. Blue Fox, Inc., 525 U.S. 255, 260 (1999); see also Lane v. Pena, 518 U.S. 187, 192 (1996). The FTCA is a limited waiver of federal sovereign immunity. See United States v. Orleans, 425 U.S. 807, 813 (1976). The FTCA authorizes civil actions for money damages against the United States of America for injury or damages caused by a negligent or wrongful act of a federal employee acting within the scope of his or her federal employment. The FTCA only applies to circumstances where the United States, if a private citizen, would be liable under the law of the state where the act or omission occurred. See 28 U.S.C. § 1346(b)(1).

In order to take advantage of this limited waiver of sovereign immunity, a person wishing to proceed under the FTCA must not only allege a claim that falls within the statute's reach, but must also satisfy certain procedural requirements, all of which are deemed jurisdictional. 28 U.S.C. § 2401(b) states

that a tort claim against the United States shall be barred forever unless "presented" within two years after a claim accrues. The presentation of such a claim is made initially to the potentially responsible agency. Once the agency acts on the claim, a civil action may be instituted against the United States. 28 U.S.C. § 2675(a). Agency action occurs either when the claim "shall have been finally denied by the agency in writing" or if the agency fails to make a final disposition of a claim within six month after it is filed. Id. Thus, absent a timely presentation of an administrative claim and an actual or constructive denial of that claim, the district court lacks jurisdiction to hear an FTCA case.

The question presented by State Farm's motion is whether State Farm has satisfied these jurisdictional prerequisites to sue. State Farm concedes that it did not file its own FTCA claim on behalf of Ms. Malster until July 31, 2006. Based on the plain language of 28 U.S.C. § 2401(b), which clearly states that all claims must be presented within two years after a claim accrues, State Farm failed to bring a timely claim. See Singleton v. United States, 277 F.3d 864, 872-73 (6th Cir. 2002); Rogers v. United States, 675 F.2d 123, 124 (6th Cir. 1982). Therefore, this Court concludes that State Farm did not file its own timely administrative claim, and that claim cannot serve as the jurisdiction prerequisite for State Farm's FTCA complaint. Because State Farm failed to file a timely claim, the Court must decide whether State Farm may, through its right of subrogation, "piggyback" on Ms. Malster's timely administrative filing in order satisfy the FTCA's jurisdictional requirements. For the following reasons, the Court concludes that it may.

State Farm relies heavily upon Executive Jet Aviation, Inc. v. United States, 507 F.2d 508 (6th Cir. 1974), in support of its right to intervene. In Executive Jet, the owner and operator of a

4

jet aircraft crashed on takeoff from an airport in Cleveland, Ohio. The owner and operator received payment from its insurers of $1,300,000.00 because of accident related damage to the aircraft. Id. at 510. Subsequently, Executive Jet submitted an administrative claim to the Federal Aviation Administration pursuant to 28 U.S.C. § 2675(a). Id. at 510-11.

On May 12, 1969, Executive Jet brought suit against the United States under the FTCA. Id. at 511. This suit was for the full amount of the administrative claim. Id. On November 2, 1973, the trial court dismissed the action, holding that Executive Jet itself was not the real party in interest because its claim had been paid by its insurers, and that the insurers could not be joined as parties because they had not independently filed an administrative claim with the FAA. Id. Executive Jet appealed the case to the Court of Appeals for the Sixth Circuit which reversed the trial court.

The Court of Appeals agreed with the trial court's conclusion that the insurers became subrogated to Executive Jet's claims when they made payments to the insured. Id. at 513.  It was undisputed that the insurers never presented a claim pursuant to the FTCA requirements.  Still, the court held that both Executive Jet and its insurers were "real parties in interest," id. at 514, and that the insurers "should be given the opportunity to join [the] action as plaintiffs" because Executive Jet had filed a timely administrative claim.  Id. at 515.

Both Ms. Malster and the United States contend that Executive Jet is distinguishable from the facts at hand. Ms. Malster seeks to distinguish the case by arguing that Executive Jet dealt with a commercial insurance subrogation claim for property damage as a result of a jet crash and the present case deals with insurance subrogation for alleged medical payments. The United States claims Executive Jet is distinguishable because

5

Executive Jet was willingly seeking to comply with its agreement to repay its insurers under the terms of the loan agreement. Here, however, Ms. Malster denies she willingly sought to file any administrative claim on behalf of State Farm.

In Executive Jet, as in the present case, an insurer issued payments to, or on behalf of, its insured. Thereafter, the insured presented a timely administrative claim for the full amount of the claim. After the claim was denied by the United States, the insured filed a civil action under the FTCA. Subsequently, the insurer moved to intervene on the basis that it was a real party in interest even though it did not independently file a timely administrative claim. Ultimately, the only distinction between the present case and Executive Jet is that Ms. Malster, unlike the plaintiff in Executive Jet, denies she sought to file an administrative claim on behalf of State Farm. However, Executive Jet did not rest its holding on the fact that Executive Jet was a willing subrogor, but rather on the fact that, as a subrogee, the insurer was a "real party in interest." Id. at 514. Additionally, in her administrative claim, Ms. Malster explicitly requested reimbursement for both property damage and medical expenses, while alerting the United States that "State Farm has paid the property damages and the medical bills to date." (See Ms. Malster's reply memoranda, Ex. 1). This statement belies her after-the-fact assertion in this Court that she did not willingly submit an administrative claim on behalf of State Farm as well as her herself. Thus, the outcome of this case is, in the Court's view, controlled by Executive Jet.

Ms. Malster and the United States both cite Shelton v. United States, 615 F.2d 713 (6th Cir. 1980), as further support for the Court to deny the motion to intervene. Both parties claim Shelton stands for the proposition that strict compliance with

the FTCA, and, in particular, the two-year limitation period, is required.

In <u>Shelton</u>, the court limited its previous subrogation ruling in <u>Executive Jet</u> regarding FTCA claims. <u>Shelton</u> at 714. However, in <u>Shelton</u>, it was the insurer who filed a timely FTCA application, not the insured. <u>Shelton</u> held that <u>Executive Jet</u> does not apply to cases when the insured failed to file a timely claim and then tried to use the insurer's timely claim as a means for jurisdiction. The present case deals with the exact opposite situation. Thus, <u>Shelton</u> is simply inapplicable.

Likewise, Ms. Malster and the United States cite <u>McNeil v. United States</u>, 508 U.S. 106 (1993), arguing that the United States Supreme Court indirectly limited the holding of <u>Executive Jet</u> by requiring strict adherence to the procedural filing requirements of the FTCA. <u>McNeil</u> is also distinguishable from the present case.

In <u>McNeil</u>, the plaintiff, proceeding without counsel, filed a complaint against the United States before submitting an administrative claim. <u>McNeil</u> at 107-108. The Supreme Court concluded that the plaintiff failed to follow the clear statutory command found in 28 U.S.C. § 2675(a), which requires a claimant to exhaust his or her administrative remedies before bringing suit in federal court. However, <u>McNeil</u> did not address the rights of a subrogee to pursue a claim under the FTCA when the subrogor has complied with the FTCA's requirements.

In addition, Ms. Malster and the United States cite <u>Cadwalder v. United States</u>, 45 F.3d 297 (9th Cir. 1995), as further evidence that strict adherence to procedure is required by the FTCA and that <u>Executive Jet</u> should not be followed. <u>Cadwalder</u> involved an FTCA claim brought by a couple (the Cadwalders) who purchased a ranch which had been damaged by a forest fire. They also received an assignment of any tort claim

belonging to the seller of the ranch, West One Bank. The Cadwalders filed a timely administrative claim, and then sued the United States after the claim was denied based on the fact that the Cadwalders did not own the ranch when the fire damage occurred. The United States asserted, in its answer, that the proposed assignment of the tort claim from West One to the Cadwalders was invalid. West One was then joined to the case as a party plaintiff, although it had never filed an administrative claim.

On appeal from the district court's order allowing West One to be joined, the Court of Appeals for the Ninth Circuit held that, although West One had a valid claim, it failed to exhaust its administrative remedies under the FTCA by not filing its own timely administrative claim. The court concluded that West One could not rely on the Cadwalders' timely claim to obtain jurisdiction, because the administrative claim had to be filed by the claimant or the claimant's representative, see 28 U.S.C. § 2675(a), and the Cadwalders were neither. Id. at 301.

Even if Cadwalder cannot be reconciled with Executive Jet, because the latter decision was handed down by the Sixth Circuit Court of Appeals, this Court is bound by it. However, the Cadwalder court viewed Executive Jet as distinguishable, recognizing that Executive Jet relied on "the relationship created by the subrogation agreement" rather than on an invalid assignment. Cadwalder at 301. The court stated that "[a] subrogation agreement creates an identity of the parties: under general principles of subrogation, the subrogee stands in the shoes of the subrogor." Id, (quoting Executive Jet, 507 F.2d at 516). These subrogation principles, rather than the principles relating to assignments, are applicable to the present case.

Lastly, the United States cites numerous cases for the proposition that the failure strictly to comply with the time

8

limits prescribed by 28 U.S.C. § 2401(b) bars federal jurisdiction. See Singleton, supra; Blakely v. United States, 276 F.3d 853, 865 (6th Cir. 2002); Schmidt v. United States, 933 F.2d 639, 639-40 (8th Cir. 1991). However, none of these cases speak to the rights of an insurer to use an insured's timely FTCA filing, nor do any of them purport to limit or overrule Executive Jet.

The Court recognizes that the claims of the insured and the insurer may not be completely coextensive. "An insurer's claim will never exceed that of the injured party; the injured party, however, often seeks recovery for damages not encompassed in the insurer's claim." Shelton at 715. However, as stated by the court in Executive Jet, allowing a subrogated insurer to "piggyback" on the insured's claim is entirely consistent with the purpose of the mandatory administrative claims procedure, which is meant "to ease court congestion and avoid unnecessary litigation" while allowing the Government to expedite fair settlements against it. Executive Jet at 515 (quoting S.Rep.No.1327, 89th Cong. 2d Sess. (1966), U.S. Code Cong. & Admin. News, p. 2516). Such a rule is also consistent with the purpose of the limitation period established by § 2401(b), which is to provide sufficient notice to the government of the existence and amount of the potential claim. Finally, the administrative claim actually filed by Ms. Malster made clear that she was seeking reimbursement for property damage and medical bills paid by State Farm. The Court notes that Ms. Malster's motion to strike State Farm's motion to intervene is primarily based on the arguments raised in her memorandum in opposition to State Farm's motion to intervene. Because the Court is granting State Farm's motion, the motion to strike will be denied.

IV.

Based upon the foregoing, State Farm's motion to intervene (doc. #10) is GRANTED. Plaintiff's motion to strike State Farm's motion to intervene as a party plaintiff (doc. #11) is DENIED. The Clerk shall detach and file the complaint attached to the motion to intervene.

Any party may, within ten (10) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge. 28 U.S.C. § 636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5. The motion must specifically designate the order or part in question and the basis for any objection. Responses to objections are due ten days after objections are filed and replies by the objecting party are due seven days thereafter. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge. S.D. Ohio L.R. 72.4.

/s/ Terence P. Kemp
United States Magistrate Judge