IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Lynda S. Malster,                      :

           Plaintiff,                  :      Case No. 2:06-cv-0833

           v.                          :      JUDGE MARBLEY

United States of America,              :      MAGISTRATE JUDGE KEMP

           Defendant.                  :

<u>ORDER</u>

This Federal Tort Claims Act case is before the Court to
consider two separate motions filed by the United States.
Initially, the United States requested an extension of time to
submit its expert witness disclosure based upon the parties'
agreement to postpone a Rule 35 medical examination of plaintiff,
Lynda S. Malster, which had originally been scheduled in August
of 2007. After that motion was filed, Ms. Malster apparently
withdrew her consent to attend the medical examination, prompting
the United States to file a motion to compel her to do so. In
that latter motion, the United States requested additional time
to disclose its expert to a date three weeks after the
examination if the Court ordered that examination to take place.
Ms. Malster has opposed both motions. For the following reasons,
the motions will be granted.

In this case, Ms. Malster alleges that she suffered personal
injuries in an automobile accident which occurred on March 13,
2003. She seeks to recover damages for injuries sustained in
that accident. There would appear to be little disagreement
about the fact that she has put her medical condition into
controversy by making such a claim. Consequently, good cause
exists for her to attend a medical examination at the request of
the United States. As is usual in such cases, the parties had

initially agreed for that examination to be conducted, and the
United States had identified Dr. Karl Kumler as its examining
witness.

In 2005, Ms. Malster filed a lawsuit in the Franklin County
Court of Common Pleas seeking recovery for injuries which
occurred in an October, 2003 automobile accident. She was
examined by Dr. Walter Hauser in that case. Apparently, the
United States had asked her to produce a copy of Dr. Hauser's
report in this case, but she did not do so because she was not in
possession of that report. There is no evidence the United
States has access to, or possesses a copy of, Dr. Hauser's
report. Nonetheless, Ms. Malster opposes being examined by Dr.
Kumler. Although the grounds of her opposition are not entirely
clear, she appears to argue that the examination would be a
"second" defense examination and that good cause does not exist
for two such examinations to take place. She may, however, be
arguing that if she is compelled to attend the examination
performed by Dr. Kumler, the United States should not be entitled
to use Dr. Hauser's report as evidence in this case.

The latter question is not before the Court. The United
States apparently does not have a copy of Dr. Hauser's report and
has not indicated that it intends to use it in any way. Whether
it does or does not intend to use that report at some other time,
it is still entitled to have an examination conducted in the
context of this litigation by a physician of its choice. It has
chosen Dr. Kumler to conduct that examination. Ms. Malster has
not raised any objections to his qualifications. Consequently,
the Court views the issue as simply whether the United States is
entitled to have a single medical examination conducted by a
doctor of its choice pursuant to Fed.R.Civ.P. 35. Because it is
clearly so entitled, the Court directs Ms. Malster to attend an
examination with Dr. Kumler on a date to be agreed to by counsel,

but not later than three weeks from the date of this order. Dr. Kumler's report shall be submitted in accordance with Rule 35 within three weeks thereafter. To that extent, the United States' motion for an extension is granted.

Based upon the foregoing, the motions of the United States for an extension of time and to compel plaintiff Lynda Malster to attend a medical examination (#s 35 and 38) are both granted.

Any party may, within ten (10) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge. 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5. The motion must specifically designate the order or part in question and the basis for any objection. Responses to objections are due ten days after objections are filed and replies by the objecting party are due seven days thereafter. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge. S.D. Ohio L.R. 72.4.


/s/ Terence P. Kemp
United States Magistrate Judge

3